## Case No. 12,396.

### In re SAWYER.

[2 Lowell, 551;[1] 16 N. B. R. 460; 15 Alb. Law J. 280.]

District Court, D. Massachusetts. March 20, 1877.

BANKRUPTCY—COUNSEL FEES—ASSIGNEE'S FEES.

1. It is the duty of the registers to examine and regulate the charges and expenses of assignees and counsel, whether any creditor objects to the account or not.

2. Assignees have no moral right to spend money, which is not more than sufficient for the privileged creditors, in litigation for the benefit of the general creditors. They are bound to pay the privileged debts as soon as money can be realized for the purpose.

3. The charges of the assignees for counsel fees, and for their own services in this case, considered, and much reduced.

In bankruptcy.

LOWELL, District Judge. The account rendered in this case brings to view one of the weak points of this, as of all other bankrupt laws,—the temptation which assignees are under to exhaust the assets in unwarrantable charges. I wish it to be distinctly understood that it is the duty of the registers to examine and regulate the charges, whether any creditor takes the trouble to object to the account or not; and to see that, when the account is correct, a dividend is paid. I had supposed this was well known, but this account seems to have lain in the register's office for some months without action.

The assignees in this case have received about $6,000, and the charges for legal services

are about $2,000, and for the assignees themselves $1,200. These are all disallowed. For their services the assignees may have the commissions established by the rule of the supreme court, and no assignees are ever to have more, without my order, as I have already decided. For counsel fees I allow the sum of $200. I disallow the item of $100 paid to the register's clerk.

The bill will be reformed by the clerk on this basis, and a dividend will be paid forthwith to the privileged creditors of the amount in the hands of the assignees, as found upon a proper accounting.

In this case, the debts, not exceeding $50 each due the workmen, are more than enough to absorb the fund, and I wish to repeat what I said at the hearing, that, where there are debts due workmen which are privileged, the assignee has no moral right to waste their money in litigation for the supposed benefit of the general creditors. If the latter want litigation, they must pay for it. In future I shall allow no counsel fees in such a case until the privileged debts are paid in full.

I do not think it necessary, in most cases, that the workmen should be put to the expense of proving their debts, and the estate, to the very considerable cost of paying their dividends in due and regular form. If the general creditors agree, the assignee may pay them, out of hand, as soon as he receives enough money for that purpose, or may pay a part equally among them. The assignee, no doubt, is entitled to the protection of a proof, if he requires it; but he will not often find it essential to his safety. Account to be reformed.